**In re John B. INMAN, D.M.D., Debtor.**

**Sue Osborne INMAN, Plaintiff,**

**v.**

**John B. INMAN, D.M.D., Defendant.**

**Bankruptcy No. BK 79–00219–L.**

United States Bankruptcy Court,
W. D. Kentucky.

March 15, 1981.

Dennis Clare, Louisville, Ky., for defendant.

Patricia A. Lewis, Elizabethtown, Ky., for plaintiff.

ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the bankrupt, by counsel, to dismiss the plaintiff's complaint. The matter before the Court is somewhat vague and ambiguous, but the essential history of this case may be chronologically stated as follows:

Initially, the defendant-bankrupt herein filed a petition in bankruptcy on February

9, 1979. Thereafter, the former spouse plaintiff filed a complaint on April 2, 1979, seeking a determination that certain debts owing to plaintiff by defendant be declared nondischargeable pursuant to Section 17a(7), Bankruptcy Act, 11 U.S.C. § 35, which excepts from discharge debts which are "for alimony due or to become due, or for maintenance or support of a wife or child...."

The debts in question arose out of a dissolution of marriage proceeding originating in the Meade County Circuit Court, Meade County, Kentucky, in which the defendant was ordered to pay the marital debts of the parties and the plaintiff was awarded periodic alimony of $100.00 per month. That decision was appealed to the Commonwealth of Kentucky Court of Appeals which rendered a decision on February 23, 1979, affirming in part, reversing in part and remanding to the Meade Circuit Court for further findings as to the extent of plaintiff's interest in her former husband's license to practice dentistry. The allowance of periodic maintenance to plaintiff was specifically reversed by the appellate court.

This Court rendered a decision as to the dischargeability of the marital debts on August 20, 1979, finding that "the obligation imposed on defendant to pay the marital debts by the trial court was an award of alimony, maintenance and support for plaintiff and the parties' infant children, and is therefore nondischargeable under the Bankruptcy Act. The Court of Appeals stated that plaintiff was not entitled to periodic alimony; however, this does not cover lump sum alimony which these debts constitute." Opinion at 5.

No appeal was taken from this Court's decision. However, on November 5, 1979, a "Motion to Reconsider and Expunge Claim" along with a supporting memorandum of authority was filed in the record on behalf of defendant. Plaintiff responded on November 19, 1979, asserting that the motion was "untimely" as well as propounding other arguments why that motion should be overruled. Several hearings were scheduled pursuant to this matter. The parties advised the Court on numerous occasions that a settlement was imminent, thus negating the necessity of further hearings before the Court. Through delay, error, and inadvertence, this Court did not issue an order relative to the motion to reconsider.

On December 5, 1980, the defendant filed a motion to dismiss the complaint of plaintiff herein, alleging that the partial reversal of the Circuit Court by the Appellate Court rendered the matter moot. This Court issued an order on January 5, 1981, which continued generally the motion of the defendant to dismiss the complaint of plaintiff, it appearing that the civil action pending in Circuit Court could involve issues relating to the proceeding in this Court.

On January 21, 1981, the Meade Circuit Court issued an opinion relative to the following issues:

(a) the approximate dollar value of Sue Inman's contribution to Dr. Inman's acquisition of a license to practice dentistry;

(b) the approximate dollar value of Dr. Inman's increased earning capacity;

(c) the approximate dollar value, if any, of Mrs. Inman's contribution to the worth of Dr. Inman's practice.

A discharge in bankruptcy was granted to defendant here on July 14, 1981. The Circuit Court determination was again appealed to the Commonwealth of Kentucky Court of Appeals where it is presently pending. On July 23, 1981, the defendant filed another motion to dismiss the complaint of plaintiff and to expunge plaintiff's claim.

It appears that there is not presently pending before this Court a contested matter by way of a complaint to which a motion to dismiss can appropriately be addressed. The initial complaint was filed by plaintiff on April 2, 1979, and a decision was rendered pursuant to that matter on August 20, 1979. Rule 802 of the Rules of Bankruptcy Procedure states that "[t]he notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from...." Rule 802(a), R.B.P.

Further, Rule 802(b), Rules of Bankruptcy Procedure, provides that "[t]he running of the time for filing a notice of appeal is terminated as to all parties by a *timely motion* filed with the referee by any party pursuant to the rules hereafter enumerated in this subdivision...." Rule 802(b), R.B.P. (emphasis added). Clearly, the motion to reconsider and expunge claim, having been filed by the defendant on November 5, 1979, was not timely filed within ten days of the entry of the judgment, and did not terminate the running of the time for appeal which expired on or about August 30, 1979.

It may be noted, after a careful review of the Meade Circuit and Court of Appeals opinions, that the issue involved there is the specific determination of the entitlement to and extent of plaintiff's interest in the former spouse's dental license. This specific matter is not now, nor has it ever been, before this Court for a determination of dischargeability, and thus the findings of those Courts as to that issue bear no relevance to the original determination of this Court on the nondischargeability of the previous marital debts.

Therefore, the time for appeal having expired without a timely motion having been filed, the matters relating to the dischargeability of the marital debts are rendered moot by virtue of the force and effect of the Court's original opinion rendered on August 20, 1979. In addition, any matter related to the interest in the dental license is not before this Court and is not ripe for a determination were it to be brought here at this time.

Wherefore, this Court having reviewed all the surrounding circumstances of the case, having considered the documentation of record and the respective positions of counsel, and being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the motions to dismiss the plaintiff's complaint previously filed on December 5, 1980, and July 23, 1981, respectively, and the motion to reconsider filed on November 5, 1979, be and are denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that this Court's orders of January 5, 1981, continuing this matter generally, and of September 30, 1981, taking the matter under submission, be and are set aside, it appearing from a review of the facts and circumstances of the case that no justiciable issue is pending before this Court.

A copy of this Order is mailed to Patricia A. Lewis, attorney for plaintiff; and to Dennis M. Clare, attorney for defendant.